UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MR. and MRS. S,

      Plaintiffs,

vs.                                        Case No. 06-CV-10889
                                                HON. GEORGE CARAM STEEH

FINANCIAL SERVICES OF AMERICA, INC. et al.,

      Defendant.

_____/

## ORDER STAYING PROCEEDINGS FOR 90 DAYS FROM DATE OF ENTRY OF THIS ORDER, PERMITTING THE PARTIES TO FILE A STIPULATION SEEKING AN ADDITIONAL 60 DAY EXTENSION, AND DENYING PLAINTIFFS' MOTION TO REMAND (#5) WITHOUT PREJUDICE

On May 8, 2006, the parties filed a stipulation to stay these proceedings for 90 to 120 days to continue settlement negotiations and/or to conduct facilitative mediation. The lawsuit was removed to federal court on February 28, 2006 based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count XII alleging federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The plaintiffs' twelve count complaint, originally filed in Michigan's Genesee County Circuit Court, alleged the several defendants are generally liable for wrongfully inducing the plaintiffs into making investments to the plaintiffs' financial detriment.

On April 6, 2006, plaintiffs filed a motion to remand this lawsuit to state court based on their filing of a March 20, 2006 Second Amended Complaint which eliminated the federal RICO claim. Plaintiffs argue in their motion that, as a result, the court no longer enjoys

federal subject matter jurisdiction. The court granted defendants an extension of time through May 10, 2006 to file a response. The parties filed the instant stipulation two days prior to the response deadline.

At the outset, a federal district court has a continuing obligation to inquire into the basis of subject matter jurisdiction to satisfy itself that subject matter jurisdiction exists. Nationwide Mut. Ins. Co. v. Cisneros, 52 F.3d 1351, 1361 (6th Cir.1995). Subject matter jurisdiction may be raised at any time, by any party, or sua sponte by the court. Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992). "Parties cannot stipulate the subject matter jurisdiction of the courts." Muskegon Theaters, Inc. v. City of Muskegon, 507 F.2d 199, 200 (1974). For this court to properly enter an order staying these proceedings, the court must first satisfy itself that it still retains subject matter jurisdiction over this lawsuit with the filing of plaintiffs' Second Amended Compliant eliminating the federal RICO claim, notwithstanding the parties' stipulation.

A federal district court enjoys discretion under the doctrine of supplemental jurisdiction in deciding whether to remand a properly removed case to state court when all federal claims have been eliminated by amendment of the complaint, and only state claims remain. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988). Such discretion should be exercised consistent with the principles of judicial economy, convenience, fairness, and comity. Id. The court is satisfied at this early stage of the litigation that the interests of judicial economy, convenience of the parties, and fairness weigh in favor of exercising supplemental jurisdiction over plaintiffs' remaining state law claims for the purpose of promoting settlement of his lawsuit. The court may revisit the jurisdictional question sua sponte should a settlement not be reached. Franzel, 959 F.2d 628, 630.

Plaintiffs may also renew their motion to remand.

Having determined that the court may retain jurisdiction of this lawsuit, and consistent with the stipulation submitted by the parties,

IT IS ORDERED that this matter is hereby STAYED for a period of 90 days from entry of this Order subject to the conditions that:

1.  Non-privileged documents in the plaintiffs' possession relevant to calculating the extent of their damages shall be made available to all parties for review and/or duplication within 21 days from entry of this Order.  The informal production of documents will not be deemed "discovery" and will not waive any claims, defenses, or procedural rights of any parties, including any defenses in which the parties assert their right to compel arbitration of the issues in the lawsuit.

2.  Non-privileged documents in the defendants' possession relevant to the establishment and maintenance of the plaintiffs' accounts shall be made available to all parties for review and/or duplication within 21 days from entry of this Order.  The informal production of documents will not be deemed "discovery" and will not waive any claims, defenses, or procedural rights of any parties, including any defenses in which the parties assert their right to compel arbitration of the issues in the lawsuit.

3.  The parties shall select a mutually agreeable single facilitator within 30 days from entry of this Order to assist in resolving this matter in the event the parties are unable to voluntarily resolve this matter on their own.  Costs and/or fees of the facilitator shall be borne equally among the parties.

4.  The parties shall make reasonable efforts to present this matter to a facilitator within the stay period.

5.  If this matter is not fully resolved and/or facilitated within the 90-day stay period, the parties shall for good cause and on further agreement stipulate to a 60-day extension to complete facilitative mediation for the purpose of settling this matter.  Such stipulation shall be filed with the court prior to the expiration of the original 90-day stay.

6.  Prior to any extension of the 90-day stay period, the parties shall agree upon and select a date and time certain for the facilitative hearing.

7.  Time is considered of the essence.  Any violation of this Order may result in the setting aside of this Order on timely motion to the court.

IT IS FURTHER ORDERED THAT the stay of proceedings shall be discontinued: (1) if this matter is not resolved or facilitated within the 90-day stay period and the parties do not file with the court a stipulation for the additional 60-day extension; (2) facilitation does not resolve this matter; (3) the stay is set aside by the court for a material violation of this Order; or (4) on further Order of the court as justice so requires.

IT IS FURTHER ORDERED that plaintiffs' motion to remand for lack of federal subject matter jurisdiction is hereby DENIED, without prejudice.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 15, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 15, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk